M. J. Salter v. The State.

No. 15173. Delivered April 20, 1932.
Rehearing Denied June 8, 1932.
Reported in 50 S. W. (2d) 807.

The opinion states the case.

*Chandler & Keith,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, five years in the penitentiary.

The indictment alleged burglary of a private residence belonging to Ernest Hamons. The proof showed a private residence occupied by Mr. Hamons and his sisters. We think no variance appears between the allegation and the proof in this regard.

The testimony shows that on Sunday night, August 9, 1931, before retirement, Miss Nellie Hamons hooked the back screen door of the house. The other doors and screens were also closed. When the family awoke the next morning the back screen door was unhooked and tracks were discovered on the ground outside this door. A rifle and a sealer, that is, a tool used for canning and sealing fruits, vegetables, etc.,—were missing. The articles in question were found in possession of appellant by the officers, and were returned to Mr. Hamons the following Thursday. Appellant's defense to the proposition of guilt based on possession

of recently stolen property was,—that he bought the rifle and sealer from "one of the Stewart boys." The proof showed that some mile or two from appellant lived a family of Stewarts in which there were five boys, some of them grown. The state, to meet appellant's claim, showed to the satisfaction of the jury, apparently, that none of the Stewart boys were in the neighborhood on the Sunday night that the property was stolen, but that all of them were out of the county, had been and were for some time prior and subsequent to the alleged loss of the property.

We find five bills of exception in the record, each of which has been carefully examined. As above stated, we think there is no variance between the allegation as to the ownership of the burglarized house and the proof. Bill of exception No. 2 complains of the refusal of a requested charge submitting the theory that appellant would not be guilty if he bought the gun and sealer from any of the Stewarts or any other person. The court pertinently and correctly submitted appellant's defense based on said proposition.

There is complaint also by a bill of exception of the court's definition of "entry." Taking the whole charge of the court, we think the definition referred to not incorrect, and also that under the facts it would be incapable of any harm to the accused if not technically correct. There was no question but that who ever entered the house did so by the use of whatever force might have been necessary to unhook the screen door which was found open the next morning after the burglary.

Bill of exception No. 4 presents further complaint of the court's charge regarding entry, but in our opinion same shows no error. The remaining bill presents complaint of the charge of the court for instructing the jury to find appellant guilty if they believed beyond a reasonable doubt that he entered the private residence of Ernest Hamons and therefrom took the property in question. We think this charge followed the indictment and was justified by the proof before the jury.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, Judge.—There was found in appellant's possession some of the property which had been taken from the burglarized house. It was appellant's testimony that he bought this property from one of the Stewart boys. The court told the jury if they believed appellant bought it from "a Stewart boy." or had a reasonable doubt thereof, to acquit him. He claims that the court should have told the jury if he bought it from a Stewart boy "or any other person" he should be acquitted. In the charge given the court covered the issue made by appellant's testimony, which was that he bought the property from one of

the Stewart boys. The only thing he claimed to be uncertain about was whether it was George Stewart or another of the Stewart boys.

The motion for rehearing is overruled.

*Overruled.*